E-FILED
Thursday, 14 December, 2017 01:55:06 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

LARRY COCHRAN,
    Petitioner,

v.

TOM WATSON,
    Respondent.

Case No. 1:17-cv-01230-JES

### ORDER

Before the Court are the Petitioner, Larry Cochran's, *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (D. 1)[1] and Motion for Leave to Proceed *in forma pauperis* D. 2). For the reasons set forth below, the Petition and Motion are both DENIED. Additionally, the Petitioner is directed to show cause why the Court should not fine him pursuant to Federal Rule of Civil Procedure 11. The Clerk of the Court is directed to close this case.

### DISCUSSION

On May 23, 2017, the Petitioner filed the instant § 2241 Petition for Writ of Habeas Corpus. In his Petition, he challenges the adverse effect of inaccuracies in his presentence report. *Id.* at pg. 2. Petitioner was convicted of possession of more than five grams of cocaine base with intent to distribute and sentenced to 405 months' imprisonment. *United States v. Cochran*, No. 06-114 (N.D. Ind. 2006), *aff'd*, 309 F.App'x 2 (7th Cir. 2009). He has since filed a multitude of direct appeals and collateral attacks, challenging perceived errors in his presentence report. *See United States v. Cochran*, 634 F.App'x 596, 597 (7th Cir. 2016) (citing all direct appeals and collateral attacks up to that point).

The Petitioner's persistence in filing frivolous claims led the Seventh Circuit Court of Appeals to impose a $500 sanction, and further imposed a *Mack* order, barring him from filing civil suits and

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

directing any future collateral attacks to be returned unfiled, until the sanction is paid. *See United States v. Cochran*, No. 15-2309 (7th Cir. Feb 26, 2016). The Petitioner has since filed additional attacks.

While the Petitioner paid the sanction, he has repeated the same error in the Petition presently before the Court. Yet again, he brings a collateral attack on the calculation of his imprisonment range under the sentencing guidelines. (D. 1 at pp. 2-3). Pursuant to 28 U.S.C. § 2244, the Court is not "required to entertain an application for a writ of habeas corpus" brought under § 2241 which inquires "into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus[.]" The Petitioner has repeatedly brought the same issue before courts in successive § 2241 petitions. *See Cochran*, 634 Fed. Appx. At 597 (noting that Petitioner has raised the issue "three times previously"). This is prohibited under § 2244. *Valona v. United States*, 138 F.3d 693, 695 (7th Cir. 1998). Thus, the Petition is DENIED and the Motion to Proceed *in forma pauperis* is also DENIED.

The prior warnings not to file frivolous § 2241 petitions, as extensive as they are, do not appear to deter the Petitioner. Accordingly, the Petitioner is directed to show cause why the Court should not fine him $1,000 pursuant to Federal Rule of Civil Procedure 11. His response to the Rule 11 show-cause order is due within 30 days from the date of this Order.

## CONCLUSION

For the reasons stated above, the Petition (D. 1) and Motion to Proceed *in forma pauperis* are DENIED. The Petitioner is further directed to show cause within 30 days, why the Court should not fine him $1,000. This matter is now terminated.

*It is so ordered.*

Entered on October 26, 2017
 s/ James E. Shadid
James E. Shadid
Chief United States District Judge